# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

GEORGE IVES TAY,

Inmate ID Number: F60214,

*(Write your full name and inmate ID number.)*

v.

RON DESANTIS,

ASHLEY MOODY,

SEE ATTACHED,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No.: 4:25 cv26 -WS/MAF
*(To be filled in by the Clerk's Office)*
REF: 2017-CF-006057

**Jury Trial Requested?**
☐ YES ☒ NO

FILED USDC FLND TL
JAN 17 '25 PM 3:05

ADDITIONAL DEFENDANTS

JAMES A. YANCEY
BRADFORD COPLEY
DETECTIVE JASON LEGGETT

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: _GEORGE IVES TAY_    ID Number: _F 60214_

List all other names by which you have been known: _NONE_

_____

Current Institution: _JEFFERSON CORRECTIONAL INSTITUTION_

Address: _1050 BIG JOE ROAD_

_____ _MONTICELLO, FL 32344_

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: _RON DESANTIS_

Official Position: _GOVERNOR, STATE OF FLORIDA_

Employed at: _THE CAPITOL_

Mailing Address: _400 SOUTH MONROE ST._

_TALLAHASSEE, FL 32399-0001_

☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

2. Defendant's Name: _ASHLEY MOODY_

   Official Position: _ATTORNEY GENERAL, STATE OF FLORIDA_

   Employed at: _THE CAPITOL, OFFICE PL-01_

   Mailing Address: _400 S. MONROE ST._

   _TALLAHASSEE, FL 32399_

   ☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

3. Defendant's Name: _JAMES A. YANCEY_

   Official Position: _CHIEF JUDGE, 10TH CIRCUIT COURT_

   Employed at: _POLK COUNTY COURTHOUSE_

   Mailing Address: _POST OFFICE BOX 9000/DRAWER J-146_

   _BARTOW, FL 33831-9000_

   ☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4. DEFENDANT'S NAME: BRADFORD COPLEY

OFFICIAL POSITION: PROSECUTOR, OFFICE OF THE

STATE ATTORNEY, POLK COUNTY, FLORIDA

EMPLOYED AT: THE OFFICE OF THE STATE ATTORNEY

PO BOX 9000/DRAWER SA

BARTON, FL 33831-9000

☒ SUED IN OFFICIAL CAPACITY

5. DEFENDANT'S NAME: DETECTIVE JASON LEGGETT

OFFICIAL POSITION: DETECTIVE

EMPLOYED AT: LAKELAND POLICE DEPARTMENT

219 N. MASSACHUSETTS AVE.

LAKELAND, FL 33801

☒ SUED IN OFFICIAL CAPACITY

3c

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)        ☒ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee              ☐ Civilly Committed Detainee

☒ Convicted State Prisoner       ☐ Convicted Federal Prisoner

☐ Immigration Detainee           ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1) THE OFFICE OF THE STATE ATTORNEY, LED BY ATTORNEY GENERAL, ASHLEY MOODY, DID WILLFULLY AND MALICIOUSLY MOVE TO INCARCERATE (JULY 8, 2017), CHARGE (JULY 17, 2017) CONVICT (NOVEMBER 28, 2018), AND SENTENCE (DECEMBER 5, 2018) THE PLAINTIFF BASED ON EVIDENCE THAT THE LAKELAND POLICE DEPARTMENT NOW STATES THEY HAVE NO CONFIDENCE EXISTS. (SEE ATTACHMENT #1) AS GOVERNOR, RON DESANTIS HAS ULTIMATE RESPONSIBILITY FOR THE ACTIONS OF THE STATE INCLUDING PARDONING POWER, BUT HAS REFUSED.

2) ON OR BEFORE JULY 9 2018 ATTORNEY BRADFORD COPLEY AND DET. JASON LEGGETT SOLICITED A GUILTY PLEA FROM PLAINTIFF'S ATTORNEY BASED SOLELY ON EVIDENCE THE LAKELAND POLICE DEPT. CANNOT CONFIDENTLY CLAIM EXISTS.

3) ON NOVEMBER 28, 2018 DETECTIVE JASON LEGGETT

**Statement of Facts Continued** (*Page 2 of 3* )

TESTIFIED UNDER OATH TO NUMEROUS "FACTS" THAT ARE NO LONGER SUPPORTED BY EVIDENCE. ON NOVEMBER 28, AND DECEMBER 5, 2018 ATTORNEY BRADFORD COPLEY MADE NUMEROUS ARGUMENTS NOT SUPPORTED BY EVIDENCE. ESSENTIALLY THE ENTIRETY OF BOTH OF THEIR PRESENTATIONS WERE FABRICATED OR STATEMENTS SPECIFICALLY CALCULATED TO DECEIVE.

4) ON AT LEAST SIX OCCASSIONS THE OFFICE OF THE STATE ATTORNEY, LED BY ASHLEY MOODY, HAS BEEN PROVIDED THE OPPORTUNITY TO SUPPLY THE MISSING EVIDENCE OR CORRECT THE RECORD. THEY HAVE CHOSEN TO DO NEITHER, THEREBY TACITLY ADMITTING THAT THE HAVE WILLFULLY INCARCERATED AN INNOCENT INDIVIDUAL AND HAVE TAKEN ACTIONS TO DELAY RATHER THAN ENHANCE TRUTHFINDING.

5) THE TENTH CIRCUIT OF POLK COUNTY, LED BY JAMES A. YANCEY, HAS BEEN COMPLICIT IN THE

STATEMENT OF FACTS (PAGE <u>3</u> OF <u>3</u>)

FRAUD AND INTENTIONAL DELAY BY FAILING TO
PROVIDE EQUAL TREATMENT UNDER THE LAW AND
EQUAL ACCESS TO THE COURTS FOR A PRO SE PRISONER.
FIRST, THE COURT REFUSED TO REQUIRE THE STATE
TO PROVIDE EVIDENTIARY SUPPORT FOR THE CHARGES,
RELYING ON HEARSAY STATEMENTS, AND, THEN,
REFUSING TO RULE ON A PETITION FOR WRIT OF
MANDAMUS FILED ON JULY 22, 2022 OR TWO MOTIONS
TO COMPEL DISCOVERY FILED ON OCT. 13, 2023 AND
OCT. 28, 2024. FINALLY, AFTER AN INORDINATE DELAY OF
363 DAYS (MAXIMUM BY RULE IS 180 DAYS) THE COURT
DENIED A MOTION FOR INEFFECTIVE COUNSEL FOR
BEING SUCCESSIVE, DESPITE THAT A MOTION ALLEGING
FRAUD CANNOT BE DENIED FOR BEING SUCCESSIVE.
THE COURT INEXPLICABLY RULED, WITHOUT EVIDENCE,
THE STATE ALREADY PROVIDED THE EVIDENCE THEY
HAVE REFUSED TO PROVIDE FOR FOUR YEARS.

6) ON NOVEMBER 28, 2017, THE TENTH CIRCUIT COURT OF
POLK COUNTY, LED BY JAMES A. YANCEY, VIOLATED
PLAINTIFF'S DUE PROCESS RIGHTS BY FAILING TO ENSURE
PLAINTIFF WAS AWARE OF A MANDATORY MINIMUM
PENALTY. THE COURT HAS REFUSED THREE OPPORTUNITIES
TO CORRECT THIS ERROR OR EXPLAIN THE DECISION
IN A LEGALLY SUFFICIENT MANNER. MOST RECENTLY,
THE COURT HAS REFUSED TO RULE ON A HABEAS
CORPUS PETITION ALLEGING MANIFEST INJUSTICE
FILED SEPTEMBER 21, 2023 (BY RULE THE LIMIT IS
180 DAYS). THEY HAVE ALSO REFUSED TO EXPLAIN
THE DELAY OR THEIR SILENCE.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

SEE ATTACHED

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

SEE ATTACHED

# V. STATEMENT OF CLAIMS

1) CLAIMS 1, 2, 3, AND 4 ARE VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS AS GUARANTEED BY AMENDMENTS 4, 5, AND 14 OF THE U.S. CONSTITUTION AND A VIOLATION OF THE U.N. DECLARATION OF HUMAN RIGHTS ARTICLES 9 AND 11. FALSE IMPRISONMENT AND MALICIOUS PROSECUTION ARE VIOLATION OF WELL ESTABLISHED U.S. COMMON-LAW PRINCIPLES AND IS SUBJECT TO LIABILITY FOR DEPRIVATION OF HUMAN RIGHTS UNDER 42 USCS §1983.

2) IN ADDITION TO THE DUE PROCESS VIOLATIONS AND FALSE IMPRISONMENT, THE ACTIONS OF THE TENTH CIRCUIT COURT IN CLAIMS 5 AND 6 VIOLATE AMENDMENT 6 OF THE U.S. CONSTITUTION AND ARTICLES 7, 8, 10, AND 11 OF THE UN DECLARATION OF HUMAN RIGHTS GUARANTEEING EQUAL ACCESS TO THE COURTS. THE COURT IS ALSO SUBJECT TO LIABILITY UNDER 42 USCS §1983

7a

## VI. RELIEF REQUESTED

PLAINTIFF IS SEEKING:

1) IMMEDIATE RELEASE AND EXONERATION FROM HIS ILLEGAL ARREST AND CONFINEMENT IN THE STATE OF FLORIDA DUE TO GROSS PROSECUTORIAL MISCONDUCT.

2) COMPENSATORY DAMAGES OF $2,000 PER DAY OF HIS ILLEGAL CONFINEMENT BEGINNING JULY 8, 2017 AND CONTINUING UNTIL RELEASE. AS OF SEPTEMBER 7, 2024 THAT PERIOD WAS 2,619 DAYS. IN ADDITION, THE STATE WILL REIMBURSE ALL LEGAL EXPENSES, PLUS INTEREST, INCURRED BY THE PLAINTIFF.

3) PUNITIVE DAMAGES OF $50,000 PER DAY, WHICH HAS BEEN TACITLY AGREED TO BY THE OFFICE OF THE STATE ATTORNEY, FOR THE UNLAWFUL ARREST AND DETAINMENT PAYABLE FROM THE STATE'S FUND OF CRIMINAL JUSTICE AND DEPARTMENT OF CORRECTIONS. IN 2022 THIS FUND WAS $6.257 BILLION.

4) PUNITIVE DAMAGES OF $30,000 PER DAY, TACITLY AGREED TO BY THE OFFICE OF THE STATE ATTORNEY, FOR FAILING TO TAKE ACTIONS TO CORRECT THE INJUSTICE AND THE INTENTIONAL DELAYS IN THE LEGAL PROCESS PAYABLE FROM THE STATE'S FUND FOR CRIMINAL JUSTICE AND DEPARTMENT OF CORRECTIONS.

5) PARTICULARLY EGREGIOUS TO SOMEONE WHO DEFENDED OUR FREEDOMS IN THE U.S. NAVY IS THE FAILURE OF THE TENTH CIRCUIT COURT OF FLORIDA TO ACT AS AN IMPARTIAL ARBITER OF THE LAW IN A TIMELY MANNER. HOW HARD IS IT TO ORDER AN

2b

EVIDENTIARY HEARING WHEN PROVIDED THE LETTER IN ATTACHMENT #1. FOR THIS FAILURE THE COURT HAS TACITLY AGREED TO PAY 1% OF THE CRIMINAL JUSTICE FUND ($6.257 BILLION) AND THE JUDICIAL BRANCH FUND ($203 BILLION) AMORTIZED PER DAY OF THE ILLEGAL CONFINEMENT IN THE 2022 BUDGET AMOUNTED TO $194,000 PER DAY, BUT IS LIKELY HIGHER IN 2024.

6) FOR THE 2,619 DAYS PLAINTIFF HAS BEEN ILLEGALLY INCARCERATED, THE ANTICIPATED COMPENSATORY DAMAGES IS $5,238,000 PLUS LEGAL EXPENSES INCREASING BY $2,000 PER DAY UNTIL RELEASE AND $717,606,000 IN PUNITIVE DAMAGES INCREASING BY $274,000 PER DAY UNTIL RELEASE.

7) THE STATE HAS AGREED TO BE BARRED FROM TAKING ANY ACTIONS WHICH ARE OR COULD BE PERCEIVED AS RETALIATORY INCLUDING, BUT NOT LIMITED TO THE IMPOSITION OF ANY ADDITIONAL CHARGES STEMMING FROM THIS SAME ACTION.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*  If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).  Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

    YES   ☒ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:_____Case #: _____

   Court: _____

   Reason: _____

2. Date:_____Case #: _____

   Court: _____

   Reason: _____

3. Date:_____Case #: _____

   Court: _____

   Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☒ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #: 2023 CA 2666 Parties: ASHLEY MOODY, ET. AL.

   Court: FLA 2ND CIRC. Judge: ANGELA C. DEMPSEY

   Date Filed: 12/15/23 12/22/2 Dismissal Date (*if not pending*): 2/22/2024

   Reason: THE COURT REFUSED TO RULE ON STATE LIABILITY
   UNTIL PLAINTIFF IS RULED NOTGUILTY WHICH IS IMPOSSIBLE
   WITH THE COMPLICITY OF THE TENTH CIRCUIT COURT

2. Case #:_____ Parties: _____

   Court:_____ Judge: _____

   Date Filed:_____ Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

***state or federal court*** either challenging your conviction or relating to

the conditions of your confinement?

☒ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: _8:22-CV-00083_ Parties: _RICKY DIXON, SEC'Y CORRECTIONS_
   _MSS-TGU_
   Court: _11TH CIRCUIT, MIDDLE_ Judge: _MARY S. SCRIVEN_
   _FLA_
   Date Filed: _1/6/22_ Dismissal Date (*if not pending*): _PENDING_

   Reason: _____

2. Case #: _2017CF-006057_ Parties: _STATE OF FLORIDA_

   Court: _FLA 10TH CIRC._ Judge: _CATHERINE COOMBEE_

   Date Filed: _10/13/23_ Dismissal Date (*if not pending*): _PENDING_

   Reason: _____

3. Case #: _2017CF-006057_ Parties: _STATE OF FLORIDA_

   _FLA. 10TH CIRC._
   Court: ~~2017CF-006057~~ Judge: _CATHERINE COOMBEE_

   Date Filed: _11/20/23_ Dismissal Date (*if not pending*): _PENDING_

   Reason: _____

4. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date (*if not pending*): _____

Reason: _____

**(*Attach additional pages as necessary to list all cases.*)**

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there
is any change to my mailing address and that my failure to do so may result
in a dismissal of the action.

Date:_____ Plaintiff's Signature:_____

Printed Name of Plaintiff: _GEORGE I. TAY_____

Correctional Institution: _JEFFERSON CORRECTIONAL INST._____

Address: _1050 BIG JOE RD_____

_MONTICELLO, FL 32344_____

**I certify and declare, under penalty of perjury, that this complaint was**
**(*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in**
**the prison's mail system for mailing on the _16_ day of _Dec._, 20_24_.**

Signature of Incarcerated Plaintiff: _____



- **Respect**
- **Integrity**
- **Teamwork**
- **Excellence**

# Lakeland Police Department

**Sammy Taylor, Jr.**
*Chief of Police*

October 31, 2023

George I. Tay DC#F60214
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, Florida 32344

Dear Sir,

This office is in receipt of a letter and attachments dated September 18th, 2023.

In our previous correspondence, I advised you that the material you were seeking was either not available, exempt, or confidential. I note your failure to properly serve and notice the City of Lakeland Police Department of litigation in case number 2022-CA-002739. This agency will seek appropriate remedies.

As to the specific requests in your letter of September 21st, 2023, here, for the first time, you list materials in seven (7) paragraphs that you entitle "Specific Material Evidence." A summary of each and the *REPLY* of the City of Lakeland Police Department follows:

1. The age of the victims and the source of the age information. You state that you have age information for the ten (10) counts you pled to, but want info for other counts.
   *It is unclear if you are requesting age and the source of the age information, but in either event there is no document in the possession of the Lakeland Police Department relating to this count. This information may be contained in stored computer data.*

2. You then want a description of the sexual activity which constitutes pornography of one hundred (100) counts, not just the fourteen (14) that have been provided by your attorney.
   *There is no document in the possession of the Lakeland Police Department relating to this count. This information may be contained in stored computer data.*

3. An exhibit in discovery was labeled as an outline of forensic artifacts with dates and times of access.
   *The Lakeland Police Department does not have trial exhibits created by the State Attorney, and there is no document in the possession of the Lakeland Police Department relating to this count. There may be information contained in stored computer data.*

4. The date and time the downloaded files were downloaded.
   *There is computer data that was copied and stored that may be relating to this count, but no document.*

219 N. Massachusetts Avenue • Lakeland, FL 33801• Lakeland, FL 33801 • (863) 834-6900 • www.LPD.lakelandgov.net

5.  Another discovery Exhibit that is described as a spreadsheet entitled Passwords.

    *The Lakeland Police Department does not have trial exhibits created by the State Attorney. There is no document in the possession of the Lakeland Police Department relating to this count.*

6.  The date and time and a description of the actions taken by yourself to "hide" the files.

    *It is unclear what you mean by the word "hide," but there may be computer data that was copied and stored relating to this count, but no document that already exists.*

7.  The names of the RAR files that are indicative of child pornography.

    *There is computer data that was copied and stored relating to this count, but that material is inextricably intertwined with the pornographic images "Thumbnails," and therefore contraband.*

The Lakeland Police Department would not possess any trial exhibit(s) created by the State, nor exhibits created by experts they may have retained in preparing for your trial. The Lakeland Police Department only has reports and digital copies of the computer hard drive data, that have previously been disclosed to your trial attorneys. I will again attach a copy of the reports in our possession herein. (See attached)

However, I remind you that Section 119 requests do not require an agency of the State of Florida to manufacture or create documents, to wit: opening up a computer hard drive and creating spreadsheets, etc. Furthermore, the material in your request Number 7 was reviewed by Assistant State Attorney Brad Copley previously, and he concluded that it has pornographic images contained therein, and thus cannot be provided as it is contraband.

As there is no litigation pending (at least none that has been properly served on the Lakeland Police Department) I propose that you file a request for the stored computer data to be reviewed in camera (in chambers) by the Judge handling any subsequent case you file, or if you properly serve the City with a law suit, we will seek a Declaratory Judgment as an effective tool to resolve our concerns with your requests.

The Lakeland Police Department believes that much of the materials you are requesting is contraband and exempt from a public records disclosure. Further, our position is not contrived to cause you delay or prejudice, but we do not believe there is any basis in law for the consequences you lay out in your letter, but in an abundance of caution the City of Lakeland objects to the entire portion of your letter purporting to state some legal consequences for failing to comply with your request.

Finally, I disagree with your conclusion in the final paragraph of the letter that this is a matter of **"failing to provide evidence and the lie that this evidence was provided in discovery."** The matter before me is a pure and simple 119 request, and a simple denial of portions of that request as the materials are either not in the possession of the City of Lakeland Police Department or are Exempt from disclosure.

As stated above, this department is happy to comply with the all the rules required for the disclosure of public records, but we simply disagree with your request and believe it to include exempt and confidential material not subject to disclosure.

Therefore, with this disagreement in mind, I reiterate my suggestion that an in camera review by a Court can resolve this impasse.

Sincerely,

*/s/David R. Carmichael*
David R. Carmichael, BCS, Esquire
Police General Counsel

DRC/klb
Enclosures

GEORGE IVES TAY, DC# F60214
JEFFERSON CORRECTIONAL INSTITUTION
1050 BIG JOE RD.
MONTICELLO, FL 32344

JAN 17 2025

CLERK U
11TH DISTR
& 111 N. A
TALLAHA



S DISTRICT COURT

CT, TALLAHASSE DIVISION

DAMS STREET

SSEE, FL 32301-7730